IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BETSY J. FERRETTI,                )
                                  )
            Plaintiff,            )
                                  )
      v.                          ) Civil Action No. 04-1606
                                  )
JO ANNE B. BARNHART,              )
COMMISSIONER OF                   )
SOCIAL SECURITY,                  )
                                  )
            Defendant.            )

MEMORANDUM JUDGMENT ORDER

AND NOW, this ____9th____ day of January, 2006, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 8) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 6) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently.   Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001).  Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity.  Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991).  These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed an application for DIB on January 22, 2003, alleging disability beginning January 13, 2003, due to depression, low back pain and hearing deficiency.  Plaintiff's application was denied.  At plaintiff's request, an ALJ held a hearing on January 14, 2004, at which plaintiff appeared represented by counsel.  On March 14, 2004, the ALJ issued a decision finding that plaintiff was not disabled.  The Appeals Council denied plaintiff's subsequent request for review, making the ALJ's decision the final decision of the Commissioner.  The instant action followed.

Plaintiff was 46 years old at the time of the administrative hearing and is classified as a younger individual under the regulations.  20 C.F.R. §404.1563(c).  Plaintiff has a high school education.  Plaintiff has past relevant work experience as a salad preparer/pantry worker, but she has not engaged in substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing,

the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of mild degenerative disc disease of the cervical spine, mild scoliosis and degenerative disc disease of the lumbar spine, obesity, mild bilateral hearing deficiency, major depressive disorder and personality disorder, those impairments alone, or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1, 20 C.F.R., Subpart P, Regulation No. 4 (hereinafter, "Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of unskilled medium work that does not involve significant background noise, that does not require regular or significant verbal interaction with others, that involves only routine and repetitive processes that deal primarily with things rather than people, and that requires no interaction with the public and no more than occasional interaction with supervisors or co-workers (collectively, the "RFC Finding"). As a result of these limitations, the ALJ determined that plaintiff could not perform her past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable her to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a hand packer, cook helper, office cleaner or small parts assembler. Accordingly, the ALJ found that

plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598. The process is sequential, following a "set order" of inquiries. 20 C.F.R. §404.1520(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §404.1520(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

- 4 -

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §404.1520(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §404.1545(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §404.1545(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on numerous grounds, none of which the court finds persuasive. Plaintiff's challenges to the ALJ's step 5 finding include the following: (1) the ALJ gave inadequate weight to the opinion of plaintiff's treating physician, and she erroneously relied on the opinions of the consultative examiner and the state agency psychologist; (2) the ALJ did not properly evaluate plaintiff's subjective complaints regarding her mental limitations; and (3) the ALJ's hypothetical to the vocational expert was flawed because it did not include all of plaintiff's limitations.

First, plaintiff contends that the ALJ erred by giving inadequate weight to the opinion of Dr. Naresh Bhatt, her primary care physician who plaintiff saw primarily concerning her physical

- 5 -

problems. A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §404.1527(d)(2); Fargnoli, 247 F.3d at 43. Under this standard, Dr. Bhatt's opinion was not entitled to controlling weight.

Plaintiff argues that the ALJ gave inadequate weight to Dr. Bhatt's opinion that she is unable to work because of her depression. To the contrary, the ALJ thoroughly considered and analyzed Dr. Bhatt's opinion. (R. 25-26). As observed by the ALJ, Dr. Bhatt's conclusory opinion concerning plaintiff's inability to work due to depression was not entitled to controlling weight because he is not a psychiatrist, nor did he provide plaintiff with ongoing mental health treatment. See 20 C.F.R. §404.1527(d)(5)(stating that more weight should be given to a specialist's opinion regarding medical issues related to his area of speciality than to the opinion of a source that is not a specialist). Furthermore, Dr. Bhatt's opinion that plaintiff's depression precluded her from working was based primarily on her subjective complaints, which the ALJ found to be only partially credible, as explained below. Finally, plaintiff reported to her therapist that she experienced some improvement with her symptoms and counseling session notes indicate she that was stable (R. 449-56), which undercuts Dr. Bhatt's opinion of disabling depression.

Despite plaintiff's argument that the ALJ improperly rejected

Dr. Bhatt's opinion, the ALJ quite clearly considered Dr. Bhatt's opinion that she was unable to work due to depression, but did not find it to be well-supported. For the reasons set forth above, the court finds that the ALJ properly refused to give controlling weight to Dr. Bhatt's opinion.

In connection with her argument that the ALJ gave inadequate weight to Dr. Bhatt's opinion, plaintiff also contends that the ALJ erroneously relied on the opinion of Dr. Lanny Detore, who performed a consultative psychological examination of plaintiff, and the opinion Dr. Roger Glover, the state agency psychological consultant who reviewed the evidence and completed a mental RFC assessment of plaintiff. As explained below, plaintiff's argument lacks merit.

After examining plaintiff, Dr. Detore concluded that plaintiff's prognosis was good with medication and psychotherapy, that returning to her past job would increase her depression, but that she could complete work activities in an appropriate work setting. (R. 326-27). Dr. Detore rated plaintiff as having either fair or good ability to make occupational, performance and social adjustments in fifteen areas. (R. 328-29). The ALJ properly accepted Dr. Detore's assessment of plaintiff because it was consistent with other medical evidence of record, including the opinion of Dr. Glover as discussed below, the opinion of plaintiff's psychiatrist, Dr. Millward, who found that plaintiff's depression caused only moderate symptoms (R. 470-71), and with counseling session notes that indicate plaintiff remained stable

- 7 -

or improved.  (R. 449-56).

The ALJ likewise properly relied on the opinion of Dr. Glover, the state agency psychologist, who completed a mental RFC assessment of plaintiff, which indicated that plaintiff was either not significantly limited or only moderately limited in twenty work-related areas.  (R. 330-31).  The regulations provide that state agency psychologists, like Dr. Glover, are considered highly qualified and are experts in the disability evaluation process, and an ALJ is required to consider their findings as opinion evidence.  20 C.F.R. §404.1527(f)(2)(i).  Therefore, the ALJ in this case noted that she substantially agreed with Dr. Glover's assessment of plaintiff,[1] and she properly factored that assessment into her evaluation of plaintiff's residual functional capacity.  (R. 27).

Plaintiff next claims that the ALJ did not properly evaluate her subjective complaints concerning her mental limitations.  A claimant's complaints and other subjective symptoms must be supported by objective medical evidence.  20 C.F.R. §404.1529(c)(2); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999).  Moreover, an ALJ may reject the claimant's subjective testimony if she does not find it credible so long as she explains why she is rejecting the testimony.  Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999).  A review of

---

[1]The ALJ noted that Dr. Glover found plaintiff to have only mild limitations in the area of social functioning, whereas the ALJ concluded that plaintiff has moderate limitations in that regard.  (R. 27).

the ALJ's decision indicates that the ALJ thoroughly evaluated plaintiff's credibility and she offered detailed explanation as to why she found plaintiff's subjective complaints to be only partially credible.

In evaluating plaintiff's complaints, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including medical reports, plaintiff's medications and the extent of her treatment, her daily activities, plaintiff's own statements about her symptoms and statements by her treating and examining physicians and others about her symptoms and how they affect her. See 20 C.F.R. §404.1529(c)(1); Social Security Ruling 96-7p.   As required by 20 C.F.R. §404.1529(c)(4), the ALJ then considered the extent to which plaintiff's alleged mental limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect her ability to work.   The ALJ determined that although plaintiff experiences depression, the objective evidence is inconsistent with an individual experiencing a totally disabling mental impairment.  Accordingly, the ALJ determined that plaintiff's testimony regarding her limitations was only partially credible.   (R. 20).   This court finds that the ALJ adequately explained the basis for her credibility determination in her decision (R. 21-23), and is satisfied that such determination is supported by substantial evidence.

Plaintiff's final argument is that the ALJ's hypothetical to the vocational expert was flawed because it did not account for

- 9 -

her claimed inability to work full time.    An ALJ's hypothetical
to a vocational expert must include all of the claimant's
impairments and limitations supported by the medical evidence.
<u>Chrupcala v. Heckler</u>, 829 F.2d 1269, 1276 (3d Cir. 1987).   Here,
the ALJ's hypothetical incorporated all of plaintiff's limitations
that the evidence of record supported, including all of the
factors that were the basis of the RFC Finding.

Nonetheless, according to plaintiff, the hypothetical should
have included a limitation that she could not work a five day per
week full time schedule because prior to leaving her job in
January 2003, she was working four days per week.   However, the
record indicates that plaintiff worked that schedule at her own
request, not because any medical professional advised that she
should limit her work schedule. The objective medical evidence of
record does not support plaintiff's claimed limitation regarding
full time work.    Therefore, the court finds that the ALJ's
hypothetical to the vocational expert fairly set forth every
credible limitation established by the evidence of record.
Nothing in the record suggests that any other limitations claimed
by plaintiff should have been incorporated into the hypothetical.
Accordingly, the ALJ did not err in relying on the vocational
expert's testimony to conclude that plaintiff can perform other
work which exists in the national economy.

After carefully and methodically considering all of the
medical evidence of record and plaintiff's testimony, the ALJ
determined that plaintiff is not disabled within the meaning of

AO 72A
(Rev.8/82)

the Act.   The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.


_Gustave Diamond_
Gustave Diamond
United States District Judge


cc:   Gregory G. Paul, Esq.
      2500 Gulf Tower
      707 Grant Street
      Pittsburgh, PA 15219

      Paul D. Kovac, Jr.
      Assistant U.S. Attorney
      Suite 400, U.S.P.O & Courthouse
      Pittsburgh, PA 15219

AO 72A
(Rev.8/82)